HENRY STODDARD, Plaintiff in Error, *v.* JOHN J. MURDOCK, Defendant in Error.

1. *Pleading—Contract.*—A party suing upon a contract for a stipulated consideration for services rendered, and averring performance, must show a reason for abandoning the contract price and seeking a recovery upon the *quantum meruit.*

2. *Equity—Mistake.*—A party seeking to correct a contract upon the ground of mistake of fact, must show in his petition how he is injured by such mistake.

*Error to St. Louis Court of Common Pleas.*

Demurrer to a petition. The petition is as follows:

County of St. Louis, *ss.*—The plaintiff, by leave of court, comes and files this his third amended petition, and states that one Amos Stoddard died intestate in the year 1813, seized in fee simple of three hundred and fifty arpents of land in the county aforesaid, being a Spanish concession to one Mordecai Bell, who conveyed the same to James Mackey, who conveyed the same to the said Amos Stoddard. The said tract of land was afterwards surveyed under authority of the United States, and a survey and plat thereof (numbered 3026) was recorded in the office of the Surveyor General of the United States for Illinois and Missouri.

That said Amos Stoddard left four brothers and two sisters his sole heirs-at-law, to whom his said title to said land descended; that one of said heirs was his brother Philo Stoddard, who afterwards died, leaving three sons and two daughters his sole heirs-at-law, to whom his title in said land descended; that the names of said sons of Philo Stoddard were Truman, Anthony and William, and the names of said daughters were Arva and Lucy.

Plaintiff states further, that afterwards all of said heirs-at-law of said Amos Stoddard, or their heirs, except said Truman Stoddard, by their deeds of conveyance, conveyed to Luke E. Lawless in fee an undivided fifth part of said land; that afterwards said Lawless conveyed said fifth part to Hamilton R. Gamble, who conveyed the same to Adam L. Mills and William Beaumont.

Plaintiff states further, that although the title to said tract of land had been and was vested in the heirs-at-law of said Amos Stoddard deceased, as aforesaid, yet the premises were held and occupied prior to and on the 12th day of October, 1837, by persons who claimed adversely to the title of said Amos Stoddard and his said heirs, and it became necessary for said heirs to institute suits at law in ejectment to obtain possession of said premises; and for that purpose, and to carry on the said litigation, all of said heirs-at-law of said Amos Stoddard, or their heirs, except said Truman Stoddard, entered into a contract in writing with plaintiff, dated said 12th day of October, 1837, whereby they agreed that plaintiff should use his best endeavors to perfect the title of said heirs to said land, and should cause a suit or suits for the recovery of the possession thereof to be instituted in the United States Circuit Court for the District of Missouri; and when said title should be established, and possession so recovered, that plaintiff should make sale of said land, or any part thereof, and out of the proceeds of such sale plaintiff should be paid any and all sums of money which he then had paid, or might thereafter pay, including his travelling expenses in and about said litigation, and that, in addition thereto, he should have ten per centum of the amount of the proceeds of said sales, for his compensation for services rendered under said contract.

Plaintiff states further, that thereupon he proceeded to perform said contract on his part; perfected said title; instituted sundry suits in said court; expended and paid out large sums of money in carrying on said litigation; and

finally, in the year 1850, did obtain and recover possession of said land.

Plaintiff states further, that after said 12th day of October, 1837, and before the recovery of the possession of said lands, the title to said lands became wholly vested in him by divers conveyances, except the interests of Truman, Anthony and William Stoddard, and excepting the interests which had been previously conveyed to Mills and Beaumont as aforesaid, and that the said interests of Anthony and William (excepting the one fifth by them conveyed to said Lawless) became vested in defendant by conveyance in due form.

Plaintiff states further, that defendant acquired his said interest in said land with full knowledge of and subject to the conditions and stipulations of said contract of October 12, 1837, and that said services so performed by him were done for the benefit in part, and at the request of the defendant; and that the reasonable value of said services to the defendant is five thousand dollars, for which he prays judgment, with interest and costs.

Plaintiff further states, that on the 1st day of April, 1851, plaintiff and defendant and said Mills and Beaumont, by deed, of partition, aparted and set off to said Mills and Beaumont, and released to them, forty-two and seventy-hundredths acres of said tract, in the south-east corner thereof, as and for their one fifth of said tract, and that Mills and Beaumont by the same deed aparted, set off and released the remainder of said tract to plaintiff and defendant, to be held by them in the rates of their respective interests, as and for their four fifths of said tract; and that said Mills and Beaumont also paid to plaintiff and defendant a large sum of money, hereinafter more particularly specified, in consideration of said release to them, said Mills and Beaumont.

Plaintiff further sates, that afterwards, to-wit, on the 28th day of June, 1851, the plaintiff and defendant made a contract in writing of that date, in these words, viz:

" *Memorandum.* — Henry Stoddard, of Dayton, O., and

John J. Murdock, of St. Louis, Mo., being the owners, and holding the title to about two hundred and forty-five acres of land near St. Louis, part of the tract known and called the Stoddard tract, of three hundred and fifty arpents, said Stoddard holding eleven twelfth parts, and said Murdock holding the interest of two of the heirs-at-law of Philo Stoddard, understood to be one twelfth part of said two hundred and forty-five acres, have agreed to have said land surveyed and divided into blocks (except six and twenty-eight hundredths acres in the south-west corner of the tract, to which P. Lindell sets up an adverse claim), and said survey and division is to be made by streets and alleys, with corner-stones fixed designating corners, &c.; and, when so surveyed and divided, the parties are to make a public sale of the property (except said six and twenty-eight hundredths acres) after giving public notice of the time and place of sale ; the sale to be on terms of a small part of the principal to be paid at the time of sale, and the balance on credit of one, two, three, four, and five years: the sale to commence on the first day of October next.—June 28, 1851. (Signed duplicates.) J. J. Murdock, H. Stoddard. Test : H. W. Leffingwell."

Plaintiff states further, that in pursuance of said contract of October 12, 1837, and of said last above-mentioned agreement, he and defendant made sale of said lands (described in said agreement) on the tenth, eleventh and twelfth days of September, 1851, and conveyed the same to the purchasers thereof, with covenant of warranty in some cases, and without warranty in others, and received the proceeds thereof in money and notes, the last of which became due and was paid in the year 1856. The plaintiff says the amount of said sales was the sum of $684,337.85.

Plaintiff states further, that during all the time aforesaid, and until about the year 1852, it was supposed and believed, by both the defendant and himself, that said Philo Stoddard had died leaving but four heirs, viz., Anthony, William, Arva and Lucy Stoddard, and that consequently plaintiff and defendant held the whole title of said Amos Stoddard to the said

tract of land, except said one fifth held by Mills and Beaumont, as aforesaid, in the following shares — the plaintiff, twenty-two twenty-fourth parts thereof, and the defendant, two twenty-fourth parts thereof, whereas, in truth and in fact, the plaintiff and defendant only held twenty-nine thirtieths of the interest and title of said Amos Stoddard, in the following shares, to-wit — the plaintiff, twenty-seven thirtieth parts of said title, and the defendant, two thirtieth parts of said title; — that said agreement between plaintiff and defendant, and the sale of their interest thereunder aforesaid, and the division of the proceeds of said sale, were made under said mistake of fact; that, after said sale, said defendant claimed and retained of the proceeds of said sale money and notes to the amount of one twelfth of said proceeds, viz., the sum of $57,028.15, whereas, in fact, according to the interest of said defendant actually sold and conveyed by him, the defendant was only entitled to two twenty-ninth parts thereof, to-wit, the sum of $47,195.72; that the plaintiff only received eleven twelfth parts of said proceeds, to-wit, $627,-342.73, whereas he was entitled to twenty-seven twenty-ninth parts thereof, to-wit, the sum of $637,142.13.

Plaintiff prays that the error thus made, arising out of a mistake of fact, not known to the parties, may now be corrected, according to justice and equity, by this court; and that the plaintiff may have judgment for the sum of $9,832.-43, being the difference to which plaintiff is entitled, with interest.

Plaintiff further states, that the sum which was paid by said Mills and Beaumont to defendant and himself, in consideration of the partition made as aforesaid, amounted to $5,403.09; that of this sum the defendant, then acting under the mistake aforesaid, claimed to be entitled to, and received, one twelfth part thereof, viz., the sum of $450.25, whereas he was entitled to only two twenty-ninth parts thereof; and the plaintiff received only eleven twelfth parts thereof, viz., the sum of $4,952.84, whereas he was entitled in equity to twenty-seven twenty-ninths thereof by virtue of

Stoddard v. Murdock.

the titles respectively conveyed by them; that the difference, to-wit, the sum of $77.63, is justly due to plaintiff, for which, with interest, he prays judgment.

*Krum & Decker*, for plaintiff in error.

*T. T. Gantt*, for defendant in error.

I. The first count of the petition is bad in this, that after disclosing a contract for the doing of certain things, for a specific compensation, it avers performance on the part of plaintiff, and, observing silence as to the receipt of the stipulated compensation, claims an entirely different compensation.

II. It is consistent with the first count, that plaintiff received the stipulated compensation in full, which is, in any event, all that he can claim under the contract of Oct., 1837.

III. The second and third counts are bad, because they show that plaintiff and defendant, having claims to a tract of land which they supposed to constitute the full title thereto, sold the same by a quit-claim deed, and divided the money according to their supposed respective interests, and that it afterwards appeared that an interest was outstanding, a portion of which both plaintiff and defendant supposed that they held; consequently, that neither plaintiff nor defendant had so large an interest in the property as they had both supposed; and that from this state of facts the plaintiff claims to recover from defendant any excess received by him in respect of any interest sold by him by quit-claim, to which defendant's title is alleged to have failed. That is, defendant having sold a twelfth of certain land by quit-claim for a certain firm, and having received the money, a person who is a stranger to the outstanding title assumes that defendant has received all such money as represents the outstanding title, to the use of this stranger.

WAGNER, Judge, delivered the opinion of the court.

The demurrer in this case seems to have been well taken. The petition is clearly defective. The first count sets out and discloses a contract for the performance of certain servi-

ces, for a stipulated compensation, with an averment of performance on the part of plaintiff. The services are alleged to have been rendered for the benefit, and in part at the request of the defendant.

What particular part was done at the request of the defendant, or why, after alleging a contract, and stating its terms, the contract price is abandoned, and a recovery sought on a *quantum meruit*, does not appear. There is nothing in the other parts of the petition to show that the rights of the parties have been varied, or materially altered, by the alleged mistake.

Plaintiff makes no averment that any person is claiming the share supposed to be outstanding, or that he has been compelled to pay anything on covenants of warranty, in consequence of conveyances made at his and defendant's sale. Nor is there any allegation that any liability has resulted against him on account of the mistake. It is not set out with sufficient definiteness how the property was sold, and what kind of conveyances were delivered. If it was deeded by quit-claim, so that no recourse can be had of the vendors, and plaintiff has not purchased the outstanding title, so as to acquire any new rights, the agreement entered into will not be disturbed as long as the parties occupy the same relation.

Judgment affirmed. Judge Holmes concurs; Judge Lovelace absent.